## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SISVEL INTERNATIONAL S.A., <br><br> 3G LICENSING S.A., <br><br> Plaintiffs, <br><br> v. <br><br> TESLA, INC., <br><br> Defendant. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Sisvel International S.A. and 3G Licensing S.A. (collectively, "Plaintiffs"), for their Complaint against Defendant Tesla, Inc. ("Defendant"), allege the following:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2. Sisvel International S.A. ("Sisvel") is an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

3. 3G Licensing S.A. ("3G Licensing") is also an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

4. Founded in Italy in 1982, Sisvel is a world leader in fostering innovation and managing intellectual property. Sisvel works with its partners offering a comprehensive approach

to patent licensing: from issuing initial calls for essential patents; facilitating discussions among stakeholders; developing multiparty license agreements; executing and administering licenses; to collecting and distributing royalties.   At the same time, Sisvel actively promotes a culture of respect and understanding of the intellectual property and innovation ecosystem through, for example, its regular presence at the key consumer electronics trade fairs and intellectual property events, participation in policy discussions and conferences, as well as open dialogues with a number of government bodies, standard-setting organizations and industry associations.

5.      In early 2016, Sisvel initiated licensing activities in North America via its U.S. subsidiary, Sisvel US Inc.

6.      A subsidiary of the Sisvel Group founded in 2015, 3G Licensing is an intellectual property company operating in the consumer electronics and telecommunications industry.  The company is composed of specialists with an extensive experience in administering licensing programs on behalf on behalf of third-party companies and organizations.

7.      Upon information and belief, Defendant is a corporation organized and existing under the laws of Delaware, with its principal place of business at 3500 Deer Creek Road, Palo Alto, California 94304.

8.      Defendant maintains a registered agent for service of process in Delaware at The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Defendant sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that enter

into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

9.      Defendant makes, uses, sells and offers for sale, provides, and causes to be used, now and within the past six years the Tesla Model S, Model 3, and Model X ("Accused Instrumentalities"), among other such devices.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter jurisdiction of this case under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent law – 35 U.S.C. § 101, *et seq.*).

11.     This Court has personal jurisdiction over Defendant, because Defendant has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Del. Code. Ann. Tit. 3, § 3104, as Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware by regularly conducting and soliciting business within the State of Delaware and within this District, and because Plaintiffs' causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and this District.  Further, this Court has personal jurisdiction over Defendant because it is incorporated in the State of Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

12.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) as Defendant is incorporated in the State of Delaware.

## BACKGROUND

13.     Plaintiffs are the owners by assignment of a portfolio of patents, including the twelve patents described in detail in the counts below (collectively, the "Asserted Patents"), that relate to technology for cellular communications networks, including variations or generations of cellular communication network technology such as, but not limited to 2G, 3G, and 4G/LTE.

14.     Cellular communication network technology is used to provide data transmission across mobile cellular networks.

15.     U.S. Patent Nos. 6,529,561 ("the '561 patent"), 7,433,698 ("the '698 patent"), , 7,751,803 ("the '803 patent"), 7,894,443 ("the '443 patent"), and 8,364,196 ("the '196 patent") were assigned to Nokia Corporation either directly from the inventors or through mergers.  In 2011 the '561, '698, '803, '443 and '196 patents were assigned to a trust by Nokia Corporation.  On April 10, 2012, Sisvel obtained ownership of the '561, '698, '803, '443, and '196 patents.

16.     U.S. Patent Nos. 7,274,933 ("the '933 patent"), 7,460,868 ("the '868 patent"), 7,596,375 ("the '375 patent"), 8,275,374 ("the '374 patent"), 8,472,955 ("the '955 patent"), 8,897,503 ("the '503 patent"), and 8,948,756 ("the '756 patent") were assigned to Research in Motion Ltd. from the inventors.  Research in Motion Ltd. changed its name to Blackberry, Ltd. in 2013.  On November 16, 2018, the '933, '868, '375, '374, '955, '503, and '756 patents were assigned to Provenance Asset Group LLC from Blackberry, Ltd.  On April 5, 2019, Sisvel obtained ownership of the '933, '868, '375, '374, '955, '503, and '756 patents from Provenance Asset Group LLC.  On July 11, 2019, Sisvel assigned the '933, '868, '375, '374, '955, '503, and '756 patents to 3G Licensing.

17.     Sisvel and 3G Licensing are the rightful owners of the Asserted Patents and hold the entire right, title and interest in the Asserted Patents.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,529,561

18.     The allegations set forth in the foregoing paragraphs 1 through 17 are incorporated into this First Claim for Relief.

19.     On March 4, 2003, the '561 patent, entitled "Data Transmission In Radio System" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on May 10, 2001, which claims priority to a PCT application filed on September

7, 2000, and further claims priority to a foreign patent application filed on September 10, 1999. A true and correct copy of the '561 patent is attached as Exhibit 1.

20.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '561 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

21.     Upon information and belief, Defendant has and continues to directly infringe each and every element of at least claim 10 of the '561 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

22.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

23.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claim 10 of the '561 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '561 patent.

24.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

25.     Upon information and belief, the Defendant is liable as a contributory infringer of the '561 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '561 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '561 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

26.     Defendant was made aware of the '561 patent and its infringement thereof at least as early as the date of filing of this Complaint.

27.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,433,698

28.     The allegations set forth in the foregoing paragraphs 1 through 27 are incorporated into this Second Claim for Relief.

29.     On October 7, 2008, the '698 patent, entitled "Cell Reselection Signaling Method" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 10/181,078, which is the U.S. National Stage Application of PCT application No. PCT/FI01/00038, filed on January 17, 2001, which claims priority to a foreign patent application filed on January 17, 2000.  A true and correct copy of the '698 patent is attached as Exhibit 2.

30.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '698 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

31.     Upon information and belief, Defendant has and continues to directly infringe each and every element of at least claims 10 and/or 11 of the '698 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

32.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

33.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 10 and/or 11 of the '698 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '698 patent.

34.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

35.     Upon information and belief, the Defendant is liable as a contributory infringer of the '698 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '698 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '698 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

36.     Defendant was made aware of the '698 patent and its infringement thereof at least as early as the date of filing of this Complaint.

37.     Defendant was also made aware of the '698 patent and its infringement thereof on by correspondence from Plaintiff on March 11, 2019.

38.     Since March 11, 2019, Defendant's infringement has been, and continues to be willful.

39.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,364,196

40.     The allegations set forth in the foregoing paragraphs 1 through 39 are incorporated into this Third Claim for Relief.

41.     On January 29, 2013, the '196 patent, entitled "Cell Reselection Signaling Method" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on August 19, 2008 and claims priority a foreign patent application filed on January 17, 2000.  A true and correct copy of the '196 patent is attached as Exhibit 3.

42.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '196 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

43.     Upon information and belief, Defendant has and continues to directly infringe each and every element of at least claims 1, 2, 14, 17 and/or 18 of the '196 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

44.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

45.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 2, 14, 17 and/or 18 of the '196 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients,

customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '196 patent.

46.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

47.     Upon information and belief, the Defendant is liable as a contributory infringer of the '196 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '196 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '196 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

48.     Defendant was made aware of the '196 patent and its infringement thereof at least as early as the date of filing of this Complaint.

49.     Defendant was also made aware of the '196 patent and its infringement thereof on by correspondence from Plaintiff on September 15, 2017.

50.     Since September 15, 2017, Defendant's infringement has been, and continues to be willful.

51.     Plaintiffs have been harmed by Defendant's infringing activities.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,751,803

52.     The allegations set forth in the foregoing paragraphs 1 through 51 are incorporated into this Fourth Claim for Relief.

53.     On July 6, 2010, the '803 patent, entitled "Method and Arrangement For Optimizing the Re-Establishment of Connections In a Cellular Radio System Supporting Real

Time and Non-Real Time Communications" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on February 22, 2001 and claims priority to foreign patent applications filed on February 24, 2000 and March 24, 2000. A true and correct copy of the '803 patent is attached as Exhibit 4.

54.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '803 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

55.     Upon information and belief, Defendant has and continues to directly infringe each and every element of at least claim 17 of the '803 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

56.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

57.     Upon information and belief, Defendant has induced and continue to induce others to infringe at least claim 17 of the '803 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '803 patent.

58.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the

Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

59.     Upon information and belief, the Defendant is liable as a contributory infringer of the '803 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '803 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '803 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

60.     Defendant was made aware of the '803 patent and its infringement thereof at least as early as the date of filing of this Complaint.

61.     Defendant was also made aware of the '803 patent and its infringement thereof on by correspondence from Plaintiff on March 11, 2019.

62.     Since March 11, 2019, Defendant's infringement has been, and continues to be willful.

63.     Plaintiffs have been harmed by Defendant's infringing activities.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 7,894,443

64.     The allegations set forth in the foregoing paragraphs 1 through 63 are incorporated into this Fifth Claim for Relief.

65.     On February 22, 2011, the '443 patent, entitled "Radio Link Control Unacknowledged Mode Header Optimization" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on August 23, 2006, and claims priority to provisional patent application No. 60/710,193 filed on August 23, 2005.  A true and correct copy of the '443 patent is attached as Exhibit 5.

66.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '443 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

67.     Upon information and belief, Defendant has and continues to directly infringe each and every element of at least claim 16 of the '443 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

68.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

69.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claim 16 of the '443 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '443 patent.

70.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

71.     Upon information and belief, the Defendant is liable as a contributory infringer of the '443 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or

adapted for use in an infringement of the '443 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '443 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

72.     Defendant was made aware of the '443 patent and its infringement thereof at least as early as the date of filing of this Complaint.

73.     Defendant was also made aware of the '443 patent and its infringement thereof on by correspondence from Plaintiff on March 11, 2019.

74.     Since March 11, 2019, Defendant's infringement has been, and continues to be willful.

75.     Plaintiffs have been harmed by Defendant's infringing activities.

**COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 7,274,933**

76.     The allegations set forth in the foregoing paragraphs 1 through 75 are incorporated into this Sixth Claim for Relief.

77.     On September 25, 2007, the '933 patent, entitled "Home Network Name Displaying Methods and Apparatus For Multiple Home Networks" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on September 2, 2004, and claims priority to a foreign patent application filed on September 3, 2004.  A true and correct copy of the '933 patent is attached as Exhibit 6.

78.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '933 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

79.     Upon information and belief, Defendant has and continues to directly infringe each and every element of at least claims 1, 6, and/or 19 of the '933 patent by making, using, selling,

importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

80.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

81.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 6, and/or 19 of the '933 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '933 patent.

82.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

83.     Upon information and belief, the Defendant is liable as a contributory infringer of the '933 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '933 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '933 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

84.     Defendant was made aware of the '933 patent and its infringement thereof at least as early as the date of filing of this Complaint.

85.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 7,460,868

86.     The allegations set forth in the foregoing paragraphs 1 through 85 are incorporated into this Seventh Claim for Relief.

87.     On December 2, 2008, the '868 patent, entitled "Home Network Name Displaying Methods and Apparatus For Multiple Home Networks" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on August 3, 2007, and claims priority to a foreign patent application filed on September 3, 2003.  A true and correct copy of the '868 patent is attached as Exhibit 7.

88.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '868 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

89.     Upon information and belief, Defendant has and continues to directly infringe each and every element of at least claims 1, 6, 7, and/or 11 of the '868 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

90.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

91.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 6, 7, and/or 11 of the '868 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end

users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '868 patent.

92.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

93.     Upon information and belief, the Defendant is liable as a contributory infringer of the '868 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '868 patent.   Each of the Accused Instrumentality is a material component for use in practicing the '868 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

94.     Defendant was made aware of the '868 patent and its infringement thereof at least as early as the date of filing of this Complaint.

95.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 7,596,375

96.     The allegations set forth in the foregoing paragraphs 1 through 95 are incorporated into this Eighth Claim for Relief.

97.     On September 29, 2009, the '375 patent, entitled "Home Network Name Displaying Methods and Apparatus For Multiple Home Networks" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on September 22, 2008, and claims priority to a foreign patent application filed on September 3, 2003.   A true and correct copy of the '375 patent is attached as Exhibit 8.

98.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '375 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

99.     Upon information and belief, Defendant has and continues to directly infringe each and every element of at least claims 1, 4, 5, 7, 9, 12, and/or 15 of the '375 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

100.    Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

101.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 4, 5, 7, 9, 12, and/or 15 of the '375 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '375 patent.

102.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

103.    Upon information and belief, the Defendant is liable as a contributory infringer of the '375 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or

adapted for use in an infringement of the '375 patent. Each of the Accused Instrumentality is a material component for use in practicing the '375 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

104.    Defendant was made aware of the '375 patent and its infringement thereof at least as early as the date of filing of this Complaint.

105.    Plaintiffs have been harmed by Defendant's infringing activities.

### COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 8,275,374

106.    The allegations set forth in the foregoing paragraphs 1 through 105 are incorporated into this Ninth Claim for Relief.

107.    On September 25, 2012, the '374 patent, entitled "Home Network Name Displaying Methods and Apparatus For Multiple Home Networks" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on August 26, 2009, and claims priority to a foreign patent application filed on September 3, 2003. A true and correct copy of the '374 patent is attached as Exhibit 9.

108.    Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '374 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

109.    Upon information and belief, Defendant has and continues to directly infringe each and every element of at least claims 1, 2, 5, 10, 11, 14, 19, 21, 23, 25, 27, 29, 31, and/or 32 of the '374 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

110.    Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

111.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 2, 5, 10, 11, 14, 19, 21, 23, 25, 27, 29, 31, and/or 32 of the '374 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '374 patent.

112.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

113.     Upon information and belief, the Defendant is liable as a contributory infringer of the '374 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '374 patent.   Each of the Accused Instrumentality is a material component for use in practicing the '374 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

114.     Defendant was made aware of the '374 patent and its infringement thereof at least as early as the date of filing of this Complaint.

115.     Plaintiffs have been harmed by Defendant's infringing activities.

### COUNT X – INFRINGEMENT OF U.S. PATENT NO. 8,472,955

116.     The allegations set forth in the foregoing paragraphs 1 through 115 are incorporated into this Tenth Claim for Relief.

117.     On June 25, 2013, the '955 patent, entitled "Network Selection Methods and Apparatus with Multiple Home Networks" was duly and legally issued by the United States Patent

and Trademark Office from a patent application filed on July 3, 2012, and claims priority to a foreign patent application filed on September 3, 2003. A true and correct copy of the '955 patent is attached as Exhibit 10.

118.    Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '955 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

119.    Upon information and belief, Defendant has and continues to directly infringe each and every element of at least claims 1, 2, 3, 10, 12, 13, 14, and/or 20 of the '955 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

120.    Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

121.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 2, 3, 10, 12, 13, 14, and/or 20 of the '955 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '955 patent.

122.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

123.     Upon information and belief, the Defendant is liable as a contributory infringer of the '955 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '955 patent.   Each of the Accused Instrumentality is a material component for use in practicing the '955 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

124.     Defendant was made aware of the '955 patent and its infringement thereof at least as early as the date of filing of this Complaint.

125.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT XI – INFRINGEMENT OF U.S. PATENT NO. 8,948,756

126.     The allegations set forth in the foregoing paragraphs 1 through 125 are incorporated into this Eleventh Claim for Relief.

127.     On February 3, 2015, the '756 patent, entitled "Home Network Name Displaying Methods and Apparatus For Multiple Home Networks" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on June 13, 2013, and claims priority to a foreign patent application filed on September 3, 2003.   A true and correct copy of the '756 patent is attached as Exhibit 11.

128.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '756 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

129.     Upon information and belief, Defendant has and continues to directly infringe each and every element of at least claims 1, 4, 5, 6, 8, 10, 12, 15, 16, 17, 19, and/or 20 of the '756 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

130.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

131.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 4, 5, 6, 8, 10, 12, 15, 16, 17, 19, and/or 20 of the '756 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '756 patent.

132.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

133.     Upon information and belief, the Defendant is liable as a contributory infringer of the '756 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '756 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '756 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

134.     Defendant was made aware of the '756 patent and its infringement thereof at least as early as the date of filing of this Complaint.

135.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT XII – INFRINGEMENT OF U.S. PATENT NO. 8,879,503

136.     The allegations set forth in the foregoing paragraphs 1 through 135 are incorporated into this Twelfth Claim for Relief.

137.     On November 4, 2014, the '503 patent, entitled "Voice Service in Evolved Packet System" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on September 26, 2011, and claims priority to a provisional patent application filed on June 3, 2009.  A true and correct copy of the '503 patent is attached as Exhibit 12.

138.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '503 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

139.     Upon information and belief, Defendant has and continues to directly infringe each and every element of at least claims 1, 2, 3, 7, 8, 9, and/or 10 of the '503 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

140.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

141.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 2, 3, 7, 8, 9, and/or 10 of the '503 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '503 patent.

142.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

143.    Upon information and belief, the Defendant is liable as a contributory infringer of the '503 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '503 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '503 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

144.    Defendant was made aware of the '503 patent and its infringement thereof at least as early as the date of filing of this Complaint.

145.    Plaintiffs have been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment for itself and against Defendant as follows:

A.    An adjudication that Defendant has infringed the '561, '698, '803, '443, '196, '868, '375, '374, '955, '933, '503, and '756 patents;

B.    An award of damages to be paid by Defendant adequate to compensate Plaintiffs for Defendant's past infringement of the '561, '698, '196, '803, '443, '868, '375, '374, '955, '933, '503, and '756 patents, and any continuing or future infringement through the date such judgment

is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

        C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiffs' reasonable attorneys' fees; and

        D.      An award to Plaintiffs of such further relief at law or in equity as the Court deems just and proper.

Dated: December 17, 2019              DEVLIN LAW FIRM LLC

                         */s/ Timothy Devlin*
                         Timothy Devlin (No. 4241)
                         tdevlin@devlinlawfirm.com
                         1526 Gilpin Avenue
                         Wilmington, Delaware 19806
                         Telephone: (302) 449-9010
                         Facsimile: (302) 353-4251

                         *Attorneys for Plaintiffs*
                         *SISVEL INTERNATIONAL S.A.*
                         *3G LICENSING S.A.*