**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SISVEL INTERNATIONAL S.A., and 3G LICENSING S.A., <br><br> Plaintiffs, <br><br> v. <br><br> CRADLEPOINT, INC., <br><br> Defendant. | Civil Action No. 1:19-cv-01142-MN |
| SISVEL INTERNATIONAL S.A., and 3G LICENSING S.A., <br><br> Plaintiffs, <br> v. <br> HONEYWELL INTERNATIONAL, INC., <br> Defendant. | Civil Action No. 1:19-cv-01143-MN |
| SISVEL INTERNATIONAL S.A. and 3G LICENSING, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> VERIFONE, INC., <br><br> Defendant. | Civil Action No. 1:19-cv-01144-MN |
| SISVEL INTERNATIONAL S.A., <br><br> Plaintiff, <br><br> v. <br><br> XIRGO TECHNOLOGIES, LLC, <br><br> Defendant. | Civil Action No. 1:19-CV-1145-MN |

1

| | |
|---|---|
| SISVEL INTERNATIONAL S.A.,<br><br>3G LICENSING S.A.,<br><br>        PLAINTIFFS,<br><br>v.<br><br>DELL, INC.,<br><br>        DEFENDANT. | Civil Action No. 1:19-cv-01247-MN |
| SISVEL INTERNATIONAL S.A.,<br><br>3G LICENSING S.A.,<br><br>        PLAINTIFFS,<br><br>v.<br><br>TESLA, INC.,<br><br>        DEFENDANT. | Civil Action No. 1:19-cv-02288-MN |

## SCHEDULING ORDER

This  15th  day of  September , 2020, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within thirty (30) days of the date the Court enters this Order.  Additionally, the parties are currently conferring regarding an ESI Order and will submit either an agreed order or a report as to any differences on or before the date on which the parties

submit a proposed Protective Order.

    2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.  Unless otherwise permitted by the Federal Rules of Civil Procedure or permitted by the Court, all motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **March 18, 2021 for all issues except inequitable conduct; September 16, 2021 for inequitable conduct**.  Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

    3.    <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    4.    <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. <u>Courtesy Copies.</u>  The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6. <u>ADR Process.</u>  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Disclosures.</u>  Absent agreement among the parties, and approval of the Court:

(a) By **October 1, 2020**, Plaintiffs shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).  Plaintiffs shall also produce the file history for each asserted patent.

(b) By **November 19, 2020**, Defendants shall, to the extent that they have them in their possession, produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendants shall also produce sales figures for the accused product(s).

(c) By **December 17, 2020**, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(d) By **January 28, 2021**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

**Preliminary Elections of Asserted Claims and Prior Art:**

(e) By **30 days prior to Identification of Claim Terms/Constructions**, Plaintiffs shall serve a Preliminary Election of asserted claims, which shall assert:

no more than ten claims from each patent and not more than a total of 16 claims in the cases asserting six patents (U.S. Patent Nos. 6,529,561; 7,433,698; 7,751,803; 7,894,443; 8,364,196; and 8,879,503) and shall assert no more than ten claims from each patent and not more than a total of 32 claims in the cases also asserting the six additional related patents (U.S. Patent Nos. 7,274,933; 7,460,868; 7,596,375; 8,275,374; 8,472,955; and 8,948,756).

(f) By **28 days after the Preliminary Election of Asserted Claims:**

Defendants shall serve a Preliminary Election of prior art, which shall assert no more than twelve prior art references against each patent and no more than a total of 40 references in the cases asserting six patents (U.S. Patent Nos. 6,529,561; 7,433,698; 7,751,803; 7,894,443; 8,364,196; and 8,879,503) and shall assert no more than twelve prior art references against each patent and no more than a total of 75 references in the cases also asserting the six additional related patents (U.S. Patent Nos. 7,274,933; 7,460,868; 7,596,375; 8,275,374; 8,472,955; and 8,948,756).  For purposes of the Preliminary Election of Prior Art, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.  For example, all 3GPP specifications in the same release count as a single reference.

(g) By **October 21, 2021,** Plaintiffs shall provide final infringement contentions.

   (h) By **November 18, 2021**, Defendants shall provide final invalidity contentions.

   (i) By **December 10, 2021**, Plaintiffs shall serve a Final Election of asserted claims, which shall assert: no more than five claims from each patent and not more than a total of 8 claims in the cases asserting six patents (U.S. Patent Nos. 6,529,561; 7,433,698; 7,751,803; 7,894,443; 8,364,196; and 8,879,503) and shall assert no more than five claims from each patent and not more than a total of 16 claims in the cases also asserting the six additional related patents (U.S. Patent Nos. 7,274,933; 7,460,868; 7,596,375; 8,275,374; 8,472,955; and 8,948,756).

   (j) By **January 27, 2022**, Defendants shall serve a Final Election of prior art, which shall assert no more than six prior art references against each patent and no more than a total of 20 references in the cases asserting six patents (U.S. Patent Nos. 6,529,561; 7,433,698; 7,751,803; 7,894,443; 8,364,196; and 8,879,503) and shall assert no more than six prior art references against each patent and no more than a total of 45 references in the cases also asserting the six additional related patents (U.S. Patent Nos. 7,274,933; 7,460,868; 7,596,375; 8,275,374; 8,472,955; and 8,948,756). For purposes of the Final Election of prior art, each obviousness combination counts as a separate prior art reference.

  8. <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed. The parties recognize, however, that there are many patents in dispute and that there may be appropriate circumstances in which limits greater than those set forth here should be followed. If any party believes that such a situation has arisen, the parties shall confer in good faith regarding any requests to exceed the limits set forth below.

   (a) <u>Discovery Cut-Off.</u> All discovery in this case shall be initiated so that it

will be completed on or before **December 21, 2021.**

   (b)  <u>Document Production.</u> Document production shall be substantially complete by **August 5, 2021.**

   (c)  <u>Requests for Admission.</u> A maximum of fifty (50) requests for admission are permitted for each side in each of the above-captioned cases in which only the six mostly unrelated patents (U.S. Patent Nos. 6,529,561; 7,433,698; 7,751,803; 7,894,443; 8,364,196; and 8,879,503) are asserted. In each of the above-captioned cases in which one or more of the six related patents (U.S. Patent Nos. 7,274,933; 7,460,868; 7,596,375; 8,275,374; 8,472,955; and 8,948,756) are additionally asserted, a maximum of sixty (60) requests for admission are permitted for each side. Defendants may additionally serve up to twenty (20) requests collectively on behalf of all Defendants. The above limits do not apply to requests for admission regarding (1) the authenticity of a particular document or thing, (2) the admissibility of a particular document or thing, and/or (3) whether a system was "known or used by others" or a document qualifies as a "printed publication" as of a certain date under 35 U.S.C. § 102.

   (d)  <u>Interrogatories.</u>

     i. A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side in each of the above-captioned cases in which only the six mostly unrelated patents (U.S. Patent Nos. 6,529,561; 7,433,698; 7,751,803; 7,894,443; 8,364,196; and 8,879,503) are asserted. In each of the above-captioned cases in which one or more of the six related patents (U.S. Patent Nos. 7,274,933; 7,460,868; 7,596,375; 8,275,374; 8,472,955; and 8,948,756) are additionally asserted, a maximum of thirty (30) interrogatories, including contention interrogatories, are permitted for each side. Defendants may additionally serve up to ten (10) interrogatories collectively on behalf of all Defendants.

        ii.        The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

    (e)    Depositions.

        i.        Limitation on Hours for Deposition Discovery. Defendants are collectively limited to a total of one hundred (100) hours of testimony by deposition upon oral examination of Plaintiffs. Plaintiffs are limited to a total of seventy (70) hours of testimony by deposition upon oral examination of each Defendant. These limitations shall not apply to non-party depositions, which shall be governed by Federal Rule of Civil Procedure 45.

        ii.        Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. All parties here agree that all depositions shall be held at whatever location is most convenient for the witness being deposed.

    (f)    Disclosure of Expert Testimony.

        i.        Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **February 24, 2022**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **April 21, 2022**.

No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

      ii.      <u>Expert Report Supplementation.</u>  The parties agree they **will** permit expert declarations to be filed in connection with motions briefing (including case- dispositive motions).

      iii.      <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.  Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

      (g)      <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

      i.      Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

      ii.      Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1, that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

      iii.      On a date to be set by separate order, generally not less than seven (7) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but generally not less than three (3) days prior to the conference,

any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

      iv. The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

      v. Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

  9. <u>Motions to Amend / Motions to Strike.</u>

    (a) Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g) above.

    (b) Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

  10. <u>Technology Tutorials.</u> Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

  11. <u>Claim Construction Issue Identification.</u> On **April 8, 2021** the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, no later than **May 6, 2021**, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted at least two weeks prior to

service of the opening claim construction brief. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction Briefing.</u> Plaintiffs shall serve, but not file, their opening brief on **June 17, 2021**. Defendants shall collectively serve, but not file, their answering brief on **July 15, 2021**. Plaintiffs shall serve, but not file, its reply brief on **August 5, 2021**. Defendants shall collectively serve, but not file, their sur-reply brief on **August 19, 2021**. No later than **August 26, 2021**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-Upon Constructions

II. Disputed Constructions

[TERM 1]

1. Plaintiff's Opening Position

2. Defendant's Answering Position

3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

[TERM 2]

1. Plaintiff's Opening Position

        2.        Defendant's Answering Position

        3.        Plaintiff's Reply Position

        4.        Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

Because there are different patents asserted against different groupings of Defendants, and because it is not currently known which and how many terms will be disputed for each patent, on **May 6, 2021**, the parties will submit a joint report regarding page limits for claim construction briefing.

13.    <u>Hearing on Claim Construction.</u>  Beginning at **10:00 a.m.** on **September 9, 2021**, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

14.    <u>Supplementation.</u>  Absent agreement among the parties, and approval of the Court, no later than **October 21, 2021,** Plaintiffs must finally supplement, *inter alia,* the identification of

all accused products, and no later than **November 18, 2021**, Defendants must finally supplement the identification of all invalidity references.

15. Case Dispositive Motions.

(a) All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **June 2, 2022**. Briefing will be presented pursuant to the Court's Local Rules. No case-dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(b) Concise Statement of Facts Requirement. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c)  Page limits combined with Daubert motion page limits. Given the number of Defendants, the varying groupings of patents asserted against different Defendants, the pendency of IPR petitions for all asserted patents, uncertainty about the number of experts to be used and the extent to which Defendants will share experts, and other uncertainties, the parties suggest that they should confer and submit a joint letter to the Court stating their agreed or disputed proposals as to the number of pages to be permitted for case-dispositive motions and Daubert motions no later than **May 12, 2022**.

16.  Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17.  Motions *in Limine.* Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order applicable to each separate trial for each of the above-captioned cases. Each *SIDE* in each of the above-captioned cases shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request in connection with a trial other than their own, such support or

opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

   18.   Pretrial Conference.  On **November 21, 2022,** the Court will hold a pretrial conference for the first of these related cases to be tried, in Court with counsel beginning at **10:00** Unless otherwise ordered by the Court, the relevant parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The relevant parties for the case to be tried shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the relevant parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

   The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents **and the paragraphs shall be numbered**. [MN]

   19.   Jury Instructions, Voir Dire, and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms ~~three (3)~~ **seven (7)** business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov. [MN]

   20.   Trial.   On **July 21, 2022,** the parties shall submit a joint report stating their views as to the ordering of trials amongst Defendants. The Court shall then issue an order identifying

the first case that will be tried.  The first trial in this matter is scheduled for a ten (**10**) day trial beginning at 9:30 a.m. on **November 28, 2022**, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.  Subsequent trials for other Defendants will be scheduled upon completion of the first trial.

21. <u>Judgment on Verdict and Post-Trial Status Report.</u>  Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the relevant parties to the case to which the jury verdict applies shall jointly submit a form of order to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

22. <u>Post-Trial Motions.</u>  Unless otherwise ordered by the Court, all *SIDES* for each of the above-captioned cases are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
The Honorable Maryellen Noreika
United States District Judge

| EVENT | PROPOSED DEADLINE |
|---|---|
| Protective Order and ESI Order | Within ten (10) days of the Scheduling Order |
| Initial Disclosures | Within thirty (30) days of the Scheduling Order |
| Identification of Accused Products and Asserted Patents | October 1, 2020 |
| Production of Technical Documents and Sales Figures | November 19, 2020 |
| Initial Claim Charts | December 17, 2020 |
| Initial Invalidity Contentions | January 28, 2021 |
| Joinder and Amendment of Pleadings (for all issues except inequitable conduct) | March 18, 2021 |
| Plaintiffs' Preliminary Election of Asserted Claims | 30 days prior to Identification of Claim Terms/Constructions |
| Defendants' Preliminary Election of Prior Art | 28 days after Plaintiffs' Preliminary Election of Asserted Claims |
| Identification of Claim Terms/Constructions | April 8, 2021 |
| Substantial completion of document production | August 5, 2021 |
| Joint Claim Construction Chart | May 6, 2021 |
| Joint Report Regarding Claim Construction Briefing | May 6, 2021 |
| Opening Claim Construction Brief | June 17, 2021 |
| Answering Claim Construction Brief | July 15, 2021 |
| Reply Claim Construction Brief | August 5, 2021 |
| Sur-reply Claim Construction Brief | August 19, 2021 |
| Joint Claim Construction Brief | August 26, 2021 |
| Amendment of Pleadings to Add Inequitable Conduct | September 16, 2021 |
| Claim Construction Hearing | September 9, 2021 10:00 a.m. |
| Final Infringement Contentions / Final Supplementation of Accused Products | October 21, 2021 |
| Final Supplementation of Invalidity References / Final Invalidity Contentions | November 18, 2021 |
| Plaintiffs' Final Election of Asserted Claims | December 10, 2021 |
| Discovery Cutoff | December 21, 2021 |
| Defendants' Final Election of Prior Art | January 27, 2022 |
| Initial Expert Reports | February 24, 2022 |

| EVENT | PROPOSED DEADLINE |
|---|---|
| Rebuttal Expert Reports | April 21, 2022 |
| Joint Report Re: MSJs and Daubert Motions | May 12, 2022 |
| Case Dispositive Motions | June 2, 2022 |
| Joint Report Re: Trial Order | July 21, 2022 |
| Pretrial Conference | November 21, 2022 10:00 a.m. |
| Trial | November 28, 2022 |